UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
11 MAY 20 PM 3:18
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| EMERGENCY SERVICES BILLING CORPORATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTO OWNERS INSURANCE COMPANY, GLENDI INC. and TELLIE MUZZALL, <br><br> Defendants. | CAUSE NO.: <br><br> **1:11-cv-0690 TWP-TAB** |

### EMERGENCY SERVICES BILLING CORPORATION'S
### COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Emergency Services Billing Corp. ("ESBC"), by counsel, respectfully files its complaint for declaratory judgment and damages against Auto Owners Insurance Co. ("Auto Owners"), Glendi Inc. ("Glendi") and Tellie Muzzall ("Muzzall"). In support of this complaint, ESBC alleges and states the following:

#### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 9613(b), which grants district courts of the United States exclusive original jurisdiction over all controversies arising under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C.§§ 9601, *et seq.* ("CERCLA"). Considering that this Complaint involves, in part, a controversy

1

regarding the scope of CERCLA liability, this Court properly has subject matter jurisdiction. *See* 42 U.S.C. § 9613(b).

2. Venue is also proper in this Court pursuant to 42 U.S.C. § 9613(b), which provides that "[v]enue shall lie in any district in which the release or damages occurred." As is explained in more detail below, this Complaint involves, in part, a release of a hazardous substance in Bartholomew County, Indiana, which is located within the Indianapolis Division of the United States District Court for the Southern District of Indiana.

## PARTIES

3. ESBC is an Indiana corporation with its principal place of business in Lebanon, Boone County, Indiana. ESBC is the billing agent for a number of fire departments within the state of Indiana, including the Clay Township Volunteer Fire Department ("Clay Township").

4. Clay Township, by virtue of written assignment, has assigned all interest it has in the following claims to ESBC.

5. Upon information and belief, Auto Owners is a Michigan incorporated entity that provided property and casualty insurance to Glendi.

6. Upon information and belief, Glendi is an Indiana corporation and was the owner of the commercial vehicle that crashed, threatened the release of a hazardous substance and threatened to catch fire, which is the subject of this action.

2

7. Upon information and belief, Muzzall is a Tennessee resident who was operating the commercial vehicle that crashed and threatened the release of hazardous substance, which is more particularly described below.

## FACTUAL ALLEGATIONS

8. On or about May 20, 2008, at approximately 6:49 a.m., Muzzall was traveling Eastbound on 25th Street.

9. At the intersection of State Road 9 and State Road 46, Muzzall failed to stop at the four way stop sign and collided with another vehicle in the middle of the intersection. The vehicle being operated by Muzzall came to rest against the guardrail on SR 46 just East of the intersection. The vehicle that Muzzall hit ("Vehicle 2") was sent off the roadway and came to rest in a grass field area to the Northeast of the intersection. The driver of Vehicle 2 was pronounced dead at the scene.

10. This collision threatened the release of a hazardous substance and Vehicle 2 threatened to catch fire, which would have released hazardous substances into the ambient air.

11. Clay Township was dispatched to the scene of the accident. Upon arriving, Clay Township provided traffic control, fire suppression, Hazmat confinement, general scene safety, and removed and cleaned debris from the roadway.

12. ESBC, as the billing agent for Clay Township, determined that the vehicle being operated by Muzzall was owned by Glendi and insured by Auto Owners.

13. On June 3, 2008, ESBC prepared invoice #456, setting forth all charges incurred by Clay Township in responding to the aforementioned accident. Invoice #456 was not paid.

14. Defendants have refused to remit full payment for invoice #456, and the invoice as well as interest and additional administrative charges, remains unpaid.

## COUNT I
(recovery under CERCLA, 42 U.S.C.§§ 9601, *et seq.* against Glendi and Muzzall)

15. ESBC incorporates by reference all previous factual allegations of this complaint as fully as if set forth herein.

16. CERCLA imposes liability for "removal," i.e., the cleanup or removal of released hazardous substances from the environment, such actions as may be necessary taken in the event of the threat of release of hazardous substances into the environment, such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances, the disposal of removed material, or the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare or to the environment,

4

which may otherwise result from a release or threat of release. *See, e.g.,* 42 U.S.C. §§ 9601, et seq.

17. The vehicle operated by Muzzall was a "facility" under 42 U.S.C. § 9601(9).

18. Glendi and Muzzall are "responsible parties" for purposes of CERCLA.

19. As a result of Muzzall's negligent operation of the aforementioned facility, the release of a hazardous substance was threatened.

20. As a result of this threatened release, Clay Township incurred response costs.

21. Clay Township is entitled to its response costs and the fees and costs associated with bringing this action.

WHEREFORE, ESBC respectfully requests the Court enter an order setting forth the following:

    a. Granting judgment in favor of ESBC and against Glendi and Muzzall;

    b. Granting judgment in favor of Clay Township and against Glendi and Muzzall;

    c. Awarding ESBC it's costs and expenses incurred as the party administering the invoice at issue;

    d. Awarding ESBC, as Assignee of Clay Township, the costs and expenses incurred by Clay Township in responding to the aforementioned threatened release of a hazardous substance;

    e. Awarding attorney's fees and costs as allowed under CERCLA; and,

    f. Awarding all further just and appropriate relief in the premises.

## COUNT II
### (Declaratory Judgment against Canal)

22. ESBC incorporates by reference all previous factual allegations of this complaint as fully as if set forth herein.

23. At the time of the aforementioned spill, Auto Owners had in full force and effect a policy of insurance that provided coverage for both Glendi and Muzzall.

24. Under this policy of insurance, Auto Owners was contractually obligated to provide insurance coverage for property damage to which its insureds, i.e., Glendi and Muzzall, became legally responsible.

25. As a result of Muzzall's negligent operation of the aforementioned vehicle, Clay Township suffered property damage in the form of its loss of use of equipment and personnel responding to the aforementioned response, and the wear, tear, use of materials, and depreciation to the equipment utilized in responding to the aforementioned response.

26. Under Auto Owners' policy of insurance it should have provided coverage for the property damage directly resulting from the aforementioned response.

27. Upon information and belief, Auto Owners' policy of insurance provides coverage for the property damage caused by Glendi and Muzzall.

WHEREFORE, ESBC, requests the Court to enter an Order on Count II:

a. Granting judgment in favor of ESBC and against Auto Owners;

b.  Declaring that Auto Owners' policy of insurance provided coverage for the property damage caused by the aforementioned response; and,

c.  Awarding all further just and appropriate relief in the premises.

>Respectfully submitted,
>
>PRICE WAICUKAUSKI & RILEY, LLC
>
>*[signature]*
>
>William N. Riley, Atty. No. 14941-49
>Joseph N. Williams, Atty. No. 25874-49
>James A. Piatt, Atty. No. 28320-49
>The Hammond Block Building
>301 Massachusetts Avenue
>Indianapolis, IN 46204
>Telephone: (317) 633-8787
>Facsimile: (317) 633-8797
>Email:     wriley@price-law.com
>           jwilliams@price-law.com
>           jpiatt@price-law.com